MAY L. QUINLAN, RESPONDENT, v. THE BOROUGH OF FAIR HAVEN, APPELLANT.

Argued October 23, 1925—Decided February 1, 1926.

On appeal from the Supreme Court, Monmouth county, in which Jess, Circuit Court Judge, filed the following opinion:

"This is an action of ejectment, tried by consent of counsel by the court without a jury. The plaintiff, May L., Quinlan, sues to recover possession of tract of upland and an adjoining tract of land under water, situate in the borough of Fair Haven, in Monmouth county. The defendant pleads the general issue, thus admitting possession by it amounting to an ouster of the plaintiff. *Jacobson* v. *Hayday,* 83 *N. J. L.* 537.

"I find the facts to be as follows:

"1. By an act of the legislature of New Jersey, approved February 5th, 1866, the Fair Haven Dock Company was incorporated. The individuals who were by that act constituted a body corporate were Charles Doughty, Edward Bennett, Forman Smith, Benjamin B. Hance, Cornelius Hendrickson, Denise Hendrickson, Abraham Trafford and George D. H. Gillespie. The act recited in its preamble that these men and their associates had 'heretofore erected a dock or wharf at the terminus of the public highway from Rumson, at Fair Haven, on the south side of the North Shrewsbury river, in the township of Shrewsbury, in the county of Monmouth, in this state, and said dock or wharf still remains in use.' The act authorizes the corporation 'to demand and receive of all persons who use said dock or wharf, and of all persons whose property shall be landed on said dock and be protected by said company, such sums of money from time to time as shall be a just and reasonable compensation for the use of said dock or wharf and storehouse that is or may be erected thereon, for the purpose of maintaining and making proper additions to said dock or wharf and storehouse.'

"2. The dock or wharf referred to in the act of incorporation was built in the year 1859, and has since been maintained.

"3. The dock was not at the time of the incorporation of the Fair Haven Dock Company, and never since, has been located as described in the act, 'at the terminus of the public highway from Rumson.' This highway now is known as Pearl street, which runs to the Shrewsbury river. The dock

is situated about forty feet eastwardly from the easterly line of Pearl street. It is approached by a roadway which extends northwardly at an acute angle from Pearl street to the river. This road is about thirty feet wide and forty feet long. It is the land included in this road and the adjoining land under water over which the wharf or dock is built that constitute the *locus in quo.*

"4. The Fair Haven Dock Company, by deed dated September 28th, 1914, and recorded in the office of the clerk of Monmouth county, in book 984 of deeds, on pages 84, &c., conveyed to the borough of Fair Haven the *locus in quo,* by a description by metes and bounds. This deed recites that 'it is the intention of these presents to grant and convey unto the party of the second part all the estate, right, title, interest, property, possession, claim and demand of the party of the first part [and no more, anything herein to the contrary notwithstanding] in and to the premises above described, commonly known as the Fair Haven Dock Property.' The deed was executed by the president and secretary and by the managers and trustees of the corporation.

"5. By deed dated December 30th, 1920, and recorded in the Monmouth county clerk's office in book 1135 of deeds, on pages 68, &c., Charles Rohe, as the sole surviving executor of William Sperb, conveyed to May L. Quinlan, the plaintiff, in fee a tract of land, which included the upland portion of the *locus in quo.* This deed recites that it covers the same land that was conveyed to William Sperb by John F. Hankins, by deed dated May 3d, 1894, and recorded in the Monmouth county clerk's office in book 535 of deeds, on pages 262, &c.

"By a riparian grant dated December 20th, 1923, the State of New Jersey, by its board of commerce and navigation, conveyed to May L. Quinlan, the plaintiff, in fee, a tract of land under water, which includes that part of the *locus in quo* under water and over which extends the wharf formerly owned by the Fair Haven Dock Company.

"From the foregoing facts I find, as a matter of law, that the plaintiff is entitled to possession of the *locus in quo,* both as to the upland and the land under water.

"My reasons for this conclusion are that the plaintiff has shown a title against which the defendant's possession or claim would be wrongful. The defendant's possession is based upon a deed which expressly conveys only such estate, right or title as the grantor had in the premises.

"As to the upland part of the *locus in quo,* there is no evidence that the Fair Haven Dock Company ever had any title or estate whatever. That portion of the land, having been used for more than sixty years as a way of access to the dock, may be subject to a public easement, but that question cannot be determined in this action.

"As to the portion of the *locus in quo* under water, the plaintiff's title and right of possession are conclusively established by the riparian grant from the state.

"The defendants rely for their rights upon the provision of the act incorporating the dock company, the rights acquired thereunder by the dock company and possession and use by the dock company over a long period. The act of incorporation did not grant anything to the incorporators which they had not theretofore possessed, except the right to be a corporation and the rights incidental to a corporate entity. The act did not convey the wharf property to the corporation, and did not, either expressly or by implication, grant away or interfere with the rights, or *quasi*-rights, of adjoining shore owners. *Keyport Steamboat Co.* v. *Farmers Transportation Co.,* 18 *N. J. Eq.* 13.

"The doctrine of adverse possession is of no avail in support of the defendant's claim. The state was the owner of that part of the *locus in quo,* which was under water at the time it gave to the Fair Haven Dock Company the right to maintain its wharf, and, therefore, the use by the corporation of such land was not adverse, but was by virtue of an express license. Moreover, there can be no title by prescription against the public. *Hoboken Land and Improvement Co.* v. *Mayor and Common Council of Hoboken,* 36 *N. J. L.* 540.

"The plaintiff is entitled to judgment of possession."

For the appellant, *Wilson & Smock* and *Spaulding Frazer.*

For the respondent, *Quinn, Parsons & Doremus.*

PER CURIAM.

The judgment under review herein will be affirmed, for the reasons expressed in the opinion delivered by Jess, Circuit Judge.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 14.

*For reversal*—None.